UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
REX JONES,

                Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
LUIS ORTIZ (Shield 1133, Tax ID 934038, 43rd Precinct,
BRONX, NY), and JOHN DOES 1-5,

                Defendants.
------------------------------------------------------------------------X

08 CV 4618 (JGK)

COMPLAINT

JURY TRIAL DEMANDED

      Plaintiff **REX JONES**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

    1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest, false imprisonment, malicious prosecution and unnecessary and excessive use of force by employees of the New York City Police Department (NYPD).

### JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

    3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

    4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

    5.    This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. O March 7, 2008, 2005, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

### *JURY DEMAND*

9. Plaintiff demands trial by jury in this action.

### *PARTIES*

10. Plaintiff **REX JONES** is an African-American male, a citizen of the United States and a resident of the State of New York.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. At all times relevant herein, defendant Luis Ortiz (Shield 1133, Tax ID 934038) was a police officer employed by the NYPD. It is believed that he was assigned to the 43rd Police Precinct (900 Fteley Avenue, Bronx, NY 10472).

13. At all times relevant herein, defendants John Does 1-5 were police officers or supervisory police officers employed by the NYPD. Plaintiff believes that they were assigned to the same precinct at defendant Police Officer Ortiz. Plaintiff does not know the real names, shields and

Tax ID numbers of defendants John Does 1-5.

14. At all times relevant herein, defendants Ortiz and John Does 1-5 were acting as agents, servants and employees of defendant City of New York and the NYPD.

15. At all times relevant herein, all defendants were all acting under color of state law.

## FACTS

16. On December 10, 2007, at approximately 5:00 P.M., at 1131 Elder Avenue, Bronx, NY, plaintiff **REX JONES** was illegally arrested by defendant uniformed New York City Police Officer Luis Ortiz (Shield 1133, Tax ID 934038) and John Does 1-5, other officers or supervisory officers whose names are not known to him at this time.

17. Mr. Jones was at the location as an employee of Harlem United, which was operating an HIV outreach program. The program was being conducted in a parking lot owned by the Mount Zion Church (1148 Elder Avenue). Plaintiff, a supervisor and another co-worker were passing out condoms and information about HIV and were conducting HIV tests in a van in the parking lot.

18. At approximately 5 P.M. Mr. Jones and his two co-workers observed defendant PO Ortiz beating a man, later identified as Daquan Turner, with a nightstick. At the time they were approximately 15 feet from Ortiz and Turner. Ortiz yelled at plaintiff and his colleagues to "get the fuck back" or words to that effect and they complied, taking approximately five steps backward.

19. Ortiz continued beating Turner. Ortiz then approached Mr. Jones and his colleagues again, and again ordered them to "get the fuck back" or words to that effect. Once again, they complied and took approximately another five steps backward. Ortiz again resumed beating Turner. After additional officers had arrived at the scene, Ortiz approached plaintiff and his colleagues and

said "didn't I tell you to move," or words to that effect.

20. Plaintiff asked for Ortiz's name and shield number. Ortiz, in violation of New York City Police Department Patrol Guide PG 203-09 (issued by Commissioner Kelly June 27, 2003), refused to comply. Instead, he grabbed plaintiff and tried to throw plaintiff to the ground.

21. Plaintiff was then tackled from behind by other officers, among them John Does 1-5, his face was forced to the ground, and he was handcuffed behind his back.

22. Plaintiff was transported to the 43rd police precinct, where he was kept in a cell for approximately 5½ hours. He was fingerprinted and photographed at the precinct.

23. At approximately 10:25 P.M. plaintiff was handed a Desk Appearance Ticket (Arrest No. B07694013-J), signed by PO Ortiz, charging him with Obstructing Governmental Administration, a Class A misdemeanor (Penal law § 195.05), and he was released. The Desk Appearance Ticket required him to appear in Bronx Criminal Court on January 28, 2008.

24. However when plaintiff appeared at the Bronx Criminal Court courthouse on January 28, 2008, a police officer handed him a Police Department form stating that "prosecution of the criminal action with regard to your Desk Appearance Ticket is not ready to proceed at this time," and requiring him to appear again on March 5, 2008.

25. When plaintiff appeared at the Bronx Criminal Court courthouse on March 5, 2008, a police officer handed him an identical form once again stating that "prosecution of the criminal action with regard to your Desk Appearance Ticket is not ready to proceed at this time," and requiring him to appear again, for the third time, on April 9, 2008. This form also had the handwritten notation "DP" at the upper right.

26.     On April 9, 2008, plaintiff was handed a document at the Bronx Criminal Court courthouse stating that the District Attorney's Office of Bronx County had declined to prosecute, on the ground of insufficient evidence. The document states, in relevant part: "Defendant did not attempt to stop the officer or his partners from handcuffing the separately apprehended male or from performing any official duty. Therefore, the People are dismissing the charges for insufficient evidence." The document is annexed hereto, along with the two adjournment notices and the Desk Appearance Ticket.

27.     The arrest and prosecution of plaintiff for allegedly Obstructing Governmental Administration was totally specious, designed to intimidate plaintiff into not testifying about the beating of Turner and to retaliate against plaintiff for exercising his right to obtain the name and shield number of the officer whom he observed engaging in such brutal misconduct.

### FIRST CLAIM FOR RELIEF

28.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27.

29.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

30.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 and 29.

31.     The acts complained of herein are a direct and proximate result of the failure of the

City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory police officers.

32. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory police officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

33. The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-34 and 38-39 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

### *THIRD CLAIM FOR RELIEF*

34. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27, 29, and 31-33.

35. The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, assault, battery, the intentional, willful and malicious infliction of severe physical, mental and emotional distress, and employee negligence.

36. The conduct toward plaintiff alleged herein subjected him to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### *FOURTH CLAIM FOR RELIEF*

37. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27, 29, 31-33, and 35-36.

38. At all times relevant herein, the individual defendants were on duty and were acting

within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against all individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        May 19, 2008

                                JOEL BERGER (JB-3269)
                                360 Lexington Avenue, 16th Fl.
                                New York, New York 10017
                                (212) 687-4911

                                **ATTORNEY FOR PLAINTIFF**

```
                                              Typed by: BENITEZ, RISHA

         AFFIDAVIT IN SUPPORT OF DECLINING/DEFERRING PROSECUTION
==============================================================================
Arresting Officer's                Arrest
-------------------                ------------------------
Name      : ORTIZ LUIS             Arrest Date: 12/10/2007
Rank      : PO                     Arrest Time: 17:55
Shield    : 01133
Command   : 43 PCT
TaxID     : 934038000
==============================================================================
CHARGES:
--------
 P.L. 195.05

==============================================================================
Defendants                         Address
----------                         -------
1. B07694013 REX JONES             81 BLAKE AVENUE

==============================================================================
Complainant's Name:
-------------------
NONE

==============================================================================
Reason(s) for declining/deferring prosecution:
----------------------------------------------
THE PEOPLE DECLINE TO PROSECUTE THE INSTANT MATTER FOR INSUFFICIENT EVIDENCE.

THE ARRESTING OFFICER ARRESTED DEFENDANT ON DECEMBER 10, 2007 FOR OBSTRUCTING
GOVERNMENTAL ADMINISTRATION AND DEFENDANT WAS GIVEN A DESK APPEARANCE TICKET.

ARRESTING OFFICER STATED THAT WHILE HE AND TWO OF HIS PARTNERS WERE ATTEMPTING
TO ARREST A SEPARATELY APPREHENDED MALE DEFENDANT STATED LEAVE HIM ALONE.
DEFENDANT DID NOT ATTEMPT TO STOP THE OFFICER OR HIS PARTNERS FROM HANDCUFFING
THE SEPARATELY APPREHENDED MALE OR FROM PERFORMING ANY OTHER OFFICIAL DUTY.
THEREFORE, THE PEOPLE ARE DISMISSING THE CHARGES FOR INSUFFICIENT EVIDENCE.
```

000443614



The City of New York
POLICE DEPARTMENT

## EXPLANATION OF DESK APPEARANCE TICKET NOT READY CASE

Defendant's Name __Jones Rex__

Arrest Number BQ __7654013__   Today's Date __3 5 08__

The prosecution of the criminal action with regard to your Desk Appearance Ticket is not ready to proceed at this time. However, the case against you has been adjourned to __4 20 08__ at 9:00 am. Your failure to appear on the aforementioned date will result in a warrant being issued for your arrest.

## EXPLICACIÓN SOBRE LA BOLETA DE COMPARECIMIENTO

## CUANDO UN CASO HA SIDO POSTERGADO

Nombre del Acusado _____

Numero de Arresto BQ _____   Fecha de Hoy: ___/___/___

proceso legal que se esta llevando a cabo sobre esta acción criminal en referencia a la ...a que recibió para venir a comparecer a esta oficina en este momento no esta lista ...oceder, y este caso contra usted h...



POLICE DEPARTMENT

49

## EXPLANATION OF DESK APPEARANCE TICKET NO READY CASE

Defendant's Name __Jones Lex__

Arrest Number: BO __7694013__   Today's Date __1/28/08__

The prosecution of the criminal action with regard to your Desk Appearance Ticket is not ready to proceed at this time. However, the case against you has been adjourned to __3/5__, 20 __08__ at 9:00 am. Your failure to appear on the aforementioned date will result in a warrant being issued for your arrest.

## EXPLICACIÓN SOBRE LA BOLETA DE COMPARECIMIENTO

## CUANDO UN CASO HA SIDO POSTERGADO

Nombre del Acusado _____

Numero de Arresto: BO _____   Fecha de Hoy: ___/___/___

El proceso legal que se esta llevando a cabo sobre esta acción criminal en referencia a la boleta que recibió para venir a comparecer a esta oficina, en este momento no esta lista para proceder, y este caso contra usted ha sido postergado hasta el ___ de _____ del _____ a las 9:00 am de la mañana. Si Usted no se presenta en esta fecha, una orden de arresto será emitida en su contra.



**The City of New York**

POLICE DEPARTMENT
NEW YORK, N.Y. 10038

CASE # 200800509

3/5

THE PEOPLE OF THE STATE OF NEW YORK VS.

| PCT. | SERIAL NO. | ARREST NO. |
|---|---|---|
| 043 | 3446 | D0769 4013-5 |

| DEFENDANT'S NAME | ADDRESS | AGE | DATE OF BIRTH |
|---|---|---|---|
| Jones, Rex | 31 Blake Ave Bklyn | 43 | 12-15-63 |

You are hereby summoned to appear in the Criminal Court of the City of New York, to answer a criminal charge made against you.

**OFFENSE CHARGED:** OGA

| COUNTY | PART | ADDRESS/LOCATION | TIME | DATE MO./DAY/YR. |
|---|---|---|---|---|
| Bx | AR2 | 215 East 161 St | 9:30 A.M. | 1/28/08 |

**INSTRUCTIONS FOR DEFENDANT**

YOU MUST APPEAR AT THE TIME AND DATE INDICATED ABOVE AND PRESENT THIS FORM TO THE COURT CLERK

Should you fail to appear for the offense charged above, in addition to a warrant being issued for your arrest, you may be charged with an additional violation of the Penal Law which upon conviction may subject you to a fine, imprisonment or both. Additionally, if you fail to comply with the directions of this Desk Appearance Ticket, any bail paid will be subject to forfeiture.

**ADDITIONAL INSTRUCTIONS**

**CODEFENDANTS** ☐ YES ☐ NO   **IF YES, NAMES**

**ACKNOWLEDGEMENT OF DEFENDANT:**

I, the undersigned, do hereby acknowledge receipt of the above DESK APPEARANCE TICKET, personally served upon me, and do agree to appear as indicated.

| SIGNATURE OF DEFENDANT | TIME | DATE |
|---|---|---|
| Rex Jones | 10:25 | 12-10-07 |

| FINGERPRINTED | PHOTOGRAPHED BY | TIME | DATE |
|---|---|---|---|
| ☒ YES ☐ NO | AC | 3100 | 12-10-07 |

| RANK/NAME | ARRESTING OFFICER | TAX REG. NO. | SHIELD | SQUAD | COMMAND/AGENCY |
|---|---|---|---|---|---|
| PO | Ortiz | 934058 | 1133 | CPU | 043 NYPD |

**ADDRESS OF AGENCY IF OTHER THAN POLICE DEPT.**

☐ **CASH BAIL ACCEPTED** (If applicable)   **AMOUNT $**

| RANK/SIGNATURE OF ARRESTING OFFICER | DATE | DESK OFFICER'S SIGNATURE |
|---|---|---|
| PO Ortiz | 12-15-07 | |

**DESK APPEARANCE TICKET**

DEFENDANT'S COPY

75M-6700419 (86)
PD 260-121 (9-83)